UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| ROBBIE DEAN JELSMA,<br><br>                   Plaintiff,<br><br>vs.<br><br>NATHAN MONGER, et al.,<br><br>                   Defendants. | 4:25-CV-04074-CBK<br><br>ORDER |

Plaintiff filed a *pro se* complaint but did not pay the filing fee. He was notified by the Clerk of Courts on May 13, 2025, that his case cannot proceed until he either pays the filing fee or completes and returns the enclosed application to proceed *in forma pauperis*. Plaintiff failed to either pay the filing fee or move to proceed *in forma pauperis*. He has failed to comply with the notice provided by the Clerk of Courts.

I ordered plaintiff to either pay the filing fee on or before June 20, 2025, or this matter may be dismissed. That order was mailed to plaintiff at the Tyndall, South Dakota, address plaintiff provided to the Clerk of Courts. That mailing was returned as undeliverable. Plaintiff failed to notify the Clerk of Courts of his current address as required by the notice given to him on May 13, 2025. On June 23, 2025, the Clerk of Courts remailed the order to pay the filing fee to an address in Springfield, South Dakota, which address is contained in the public records of the Unified Judicial System's civil and criminal case files involving defendant Robbie Jelsma. That mailing was returned as unclaimed. The order to pay the filing fee was remailed to plaintiff on July 30, 2025.

Plaintiff has failed to pay the filing fee as ordered. Instead, plaintiff has filed numerous documents having no basis in federal law. Plaintiff's filings throughout this case appear to be an attempt to thwart the then pending criminal charges of use or possession of drug paraphernalia and no driver's license in South Dakota Circuit Court, First Judicial Circuit, Bon Homme County, case # 04MAG25-000017, instituted April 7,

2025, by a traffic citation. He failed to appear in that matter as required and did not contact either the Clerk of Courts or the State's Attorney requesting a continuance. Judgment by default was entered against him and he was sentenced to a fine, court costs, and license suspension for 30 days.

Plaintiff has failed to pay the filing fee as ordered. His case is subject to dismissal for failure to prosecute.

In any event, had he paid the filing fee, this case would have been dismissed upon initial review pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff captioned his complaint as a "plea in abatement and cancellation of unlawful citation," referencing the criminal matter cited above. He contends that he is a "non-citizen national" and is "not subject to commercial code enforcement schemes." He is, in effect, challenging the factual and legal basis of the South Dakota citation he received. He signed his many documents "Robbie Dean Jelsma-man-created-by-God." He filed a so-called "notice of federal removal under high law." He filed a "notice to cancel, withdraw, and rescind all presumed contracts," seeking to rescind his promise to appear by virtue of his signature on Citation No. 04MAG25-000017. He claims he is not subject to statutory jurisdiction. He "demands," *inter alia*, that all property taxes taken or held be returned in full. He contends that he has rights under the "UCC," which is the Uniform Commercial Code. He filed a "public notice and constitutional objection to 15 U.S.C. § 1122." He filed an "affidavit of status" wherein he seeks to rebut the presumption that he is a U.S. employee under 26 U.S.C. § 3401(c). He contends he is not a U.S. citizen or resident but is instead claims he is "a private American nation, one of the People, and not subject to presumptions of status arising from Social Security enrollment, voter registrations, driver's license, or commercial contracts executed under fraud, duress, or non-disclosure." He filed an "affidavit of revocation of election under § 6013(g)" of the Internal Revenue Code. He filed a "UCC-1 Commercial Affidavit." He filed various other similarly captioned documents.

Section 1983 does not provide a cause of action or relief from ongoing or completed state court criminal proceedings. Further, claims based upon so-called

sovereign citizen ideology and principals are "completely without merit, patently frivolous," and subject to dismissal.  United States v. Jagim, 978 F.2d 1032, 1036 (8th Cir. 1992).

Plaintiff's complaint fails to state a claim upon which relief can be granted and is subject to summary dismissal.

Now, therefore,

IT IS ORDERED that plaintiff's complaint is dismissed for failure to prosecute and dismissed with prejudice for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

DATED this 3rd of September, 2025.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge